IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE,<br><br>         Plaintiff,<br><br>    v.<br><br>VICKIE DUTTON, ET AL.,<br><br>         Defendants. | No. C16-04813 CRB<br><br>**ORDER GRANTING IN FORMA PAUPERIS STATUS AND DISMISSING CASE** |

Plaintiff Joshua Laine previously brought suit in this Court against Vickie Dutton (the mother of his child), four state court judges, and three Family Court mediators in connection with a series of legal proceedings in the Superior Court of California, County of Alameda, Hayward Hall of Justice Family Court Division. See generally Compl. (dkt. 1) in Case No. 16-2565. This Court dismissed that case—which challenged state court temporary restraining orders, rulings on custody and visitation issues, evidentiary rulings and an order that Plaintiff take parenting classes—based on the Rooker-Feldman doctrine. See Order Dismissing Case (dkt. 7) in Case No. 16-2565 (concluding that factual allegations in Complaint involved "Plaintiff's dissatisfaction with rulings in state family court.").

Plaintiff has now brought a new suit, against the State of California, Alameda County Department of Child Support Services ("DCSS"), and Does 1–10, alleging that his Fourteenth Amendment rights were violated when Dutton, Sandra Robert Strokes (a "DCSS

representative") and Commissioners Boydine Hall and Sue Alexander of the Hayward Hall of Justice Family Court Division: summoned him to appear in a child support proceeding; had no authority or contract with him; did not establish paternity; falsified his financial income; did not give him the opportunity "to plea"; sent him threatening letters seeking to obtain his tax returns and other financial documents; attempted to garnish his bank account; and issued an illegal bench warrant. See Compl. at 3, 7–8. Plaintiff argues that "this [presumably the state child support proceedings] is a fraudulent action" and that "Enforcing Child Support is 100% Illegal." Id. at 10, 12–14.[1] Plaintiff has also filed a motion for preliminary injunction, see P.I. Mot. (dkt. 6), seeking to set aside the "illegal bench warrant" because "child support does not apply to Plaintiff (and is illegal) and the fact that it is created by the legislative branch; it is not a department of the courts." Id. at 7. He has also moved for the Court to set a hearing on his motion for preliminary injunction. See Mot. for Hearing (dkt. 14). And Plaintiff has moved for leave to proceed in forma pauperis ("IFP"). See Mot. for Leave to Proceed IFP (dkt. 4).

A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint, the Court finds that the pleading fails to state a cognizable claim for relief.[2] The Court therefore GRANTS Plaintiff's IFP application and DISMISSES the Complaint for failure to state a

---

[1] The Complaint includes a number of allegations that the Court cannot understand. See, e.g., id. at 9 ("Herein Joshua Laine, the hu-man being asserts his rights and status of 'man' who are created by the Gods of the universe under Genesis 1:26, and that 'all' governments, are instituted to be a benefit, security and protection of those rights.").

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). Pro se pleadings are generally liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also DENIES AS MOOT the motion for preliminary injunction and the motion for a hearing.

As to the first named defendant, the State of California, the state cannot be sued for constitutional violations pursuant to 42 U.S.C. § 1983 because it is protected by sovereign immunity under the Eleventh Amendment. See Mitchell v. Los Angeles Comm. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988); Doe v. Ariz., 240 Fed. Appx. 241, 243 (9th Cir. 2007). Accordingly, the State of California is DISMISSED WITH PREJUDICE.

As to the other named defendant, DCSS, the Complaint contains no plausible allegations of any wrongdoing in which it engaged. The Complaint alleges in conclusory fashion that during a hearing, Commissioner Hall and "DCSS representative Stokes" "coerced together to prevent Plaintiff an opportunity to plead his case, therefore violating due process and falsifying a financial income to charge Plaintiff a monthly fee," and that "DCSS and Sandra Robert Stokes aided Commissioner . . . Hall in the judgment of fining Plaintiff, calculating false financial numbers; violate due process and illegal contracting with Plaintiff." Compl. at 7. These allegations are insufficient and fail to plausibly allege any actions taken by DCSS that violated Plaintiff's Fourteenth Amendment rights. See Twombly, 550 U.S. at 555 (requiring "more than labels and conclusions"). Accordingly, DCSS is DISMISSED WITHOUT PREJUDICE.

Plaintiff is advised that "a party seeking to litigate against a local child support agency must sue its parent county or its individual employees (who are employees of the county)." See Rasooly v. California, No. 14-cv-04521-JSC, 2015 WL 1222167, at *1 (N.D. Cal. March 17, 2015). Moreover, a municipality has no respondeat superior liability under section 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to a deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See Plumeau v. School Dist. # 40 County of Yamhill, 130 F.3d

3

1  432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).

2  Rather than include any non-conclusory allegations as to DCSS, the complaint focuses on the actions of the Commissioners, who are not named as defendants. See generally Compl. at 8 ("Since the Court has not established paternity, received written permission (contract) from Plaintiff and subjected Plaintiff to a monthly fine that the State of California receives an award from the federal government from . . . Defendants have engaged in prohibited activities pursuant to Plaintiff's claims, among others."); id. at 10 ("the first thing paid out of the state treasuries are the judges salaries and pensions."). Although the Complaint is somewhat difficult to discern, it seems that most of what Plaintiff quarrels with are the Commissioners' rulings in Plaintiff's child support proceedings. See, e.g., Compl. at 7–8. As the Court explained in dismissing Plaintiff's earlier case, this Court lacks jurisdiction to hear such claims due to the Rooker-Feldman doctrine. See Order Dismissing Case in Case No. 16-2565 at 2. A losing party in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates [his] federal rights." See Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998); see also Kee v. Sangers, No. 15-cv-05056-RS, 2016 WL 216260, at *3 (N.D. Cal. Jan. 19, 2016) (applying Rooker-Feldman doctrine, explaining: "While the claim on its face seems to assert a possible constitutional injury, in substance it quarrels with the decisions entered in the earlier Utah proceeding. . . . This is nothing more than a complaint that enforcement of the child support order was wrong because the Utah state court ruling precipitating enforcement itself was decided erroneously.").

To the extent that Plaintiff does not mean to challenge adverse rulings by the Commissioners in his child support proceedings, but the state court's use of Commissioners in general, see Compl. at 12 ("Herein, Joshua Laine, asserts his guaranteed right to reject anything less than a constitutionally created Judge, and magistrate, contract or agent, as the presiding officer in the presumed action and said is in fact void minus my consent."), he will face an uphill battle. See, e.g., In re Horton, 54 Cal.3d 82, 91 (1991) (in bank) ("The idea

4

that parties may, through their conduct, be held to have stipulated to trial by a court commissioner is not controversial."). Moreover, the statute dealing with the use of commissioners in child support cases outlines a mechanism for objecting to the use of a commissioner, see Cal. Fam. Code § 4251(b), and Plaintiff's Complaint fails to allege whether Plaintiff availed himself of that procedure. In addition, though Plaintiff asserts in his motion for preliminary injunction that he "exhausted all avenues of remedies by filing complaints and letters" about his case, it is not clear whether Plaintiff pursued his case in state court, as he is free to do. See P.I. Mot. at 7; see, e.g., Kern County Dep't of Child Support Servs. v. Camacho, 209 Cal. App. 4th 1028 (2012) (litigant arguing that he was not properly advised of his right to object to having matter heard by commissioner).

Because the Court does not now know what Plaintiff is arguing in connection with his Fourteenth Amendment claim, it will allow him leave to amend his Complaint, if he wishes to do so, within thirty days of this Order.[3] Plaintiff may wish to seek free assistance from the Legal Help Center, located in the United States Courthouse in San Francisco on 450 Golden Gate Avenue, 15th Floor, Room 2796 (Plaintiff may make an appointment in person or by calling 415-782-8982), and obtain a free copy of the Pro Se Handbook online at www.cand.uscourts.gov or in the Office of the Clerk of Court, located in the United States Courthouse in San Francisco on 450 Golden Gate Avenue, 16th Floor.

**IT IS SO ORDERED.**

Dated: October 13, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Failure to timely amend could lead to the case's dismissal with prejudice.

5